**Mimoza PALEVIC, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–3010–AG NAC.**

United States Court of Appeals, Second Circuit.

April 4, 2006.

Aleksander Milch, New York, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Mimoza Palevic, though counsel, petitions for review of the BIA decision affirm-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

ing the decision of an immigration judge ("IJ") denying Palevic's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily adopted or affirmed the IJ's decision, this Court reviews the IJ's decision. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). Factual findings, including adverse credibility determinations, are reviewed for evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ's adverse credibility determination is supported by substantial evidence. The written statement appeared to indicate that Palevic was assaulted outside her aunt's house, in view of her aunt, whereas Palevic's oral testimony is that she was assaulted indoors, and her aunt heard her scream but could not see the assault. The IJ's finding that Palevic embellished her story is also supported: the application did not mention that the alleged assault was sexual, and Palevic did not so testify on direct examination. Because the inconsistencies bear upon the main basis of Palevic's claim of past persecution, and of her claim of a well-founded fear of future persecution, the inconsistencies are material. *See Diallo,* 232 F.3d at 288.

Where, as here, testimony is inconsistent, corroboration may be expected. *Id.* at 285, 288–89. Palevic offered no corroboration, notwithstanding that all of the alleged incidents of persecution were witnessed by family members and Palevic was in contact with all of the witnesses. Palevic gave no explanation for her failure to produce such statements.

Finally, the IJ did not err in finding that Palevic's testimony was contradicted by the country report, which, in conjunction with the inconsistencies and lack of corroboration, provides added support to the adverse credibility determination. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004).

Because the IJ's denial of asylum based on the adverse credibility determination is supported by substantial evidence, the denial of withholding (which imposes a higher burden) was also proper. *See Zhou Yun Zhang,* 386 F.3d at 71. Because the IJ appropriately found that Palevic's account of the 2001 incident was not credible, Pavelic is not entitled to CAT relief. *See Xiao Ji Chen v. U.S. DOJ,* 434 F.3d 144, 163 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).